UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA, the STATE
OF FLORIDA, and STATE OF MONTANA
*ex rel.* ROBERT WATINE, M.D.,

    Plaintiffs,

v.

Case No. 1:09-cv-137-SPM/AK

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., and CYPRESS HEALTH SYSTEMS, LLC

    Defendants.
_____/

### STIPULATED QUALIFIED PROTECTIVE ORDER GOVERNING DISCLOSURE OF PROTECTED HEALTH INFORMATION

In accordance with and as defined by the regulations promulgated under HIPAA, specifically 45 C.F.R. section 164.512(e)(1)(ii)(B) and (v), the Court hereby enters a HIPAA Qualified Protective Order ("QPO").

1.    Cypress Health Systems Florida, Inc. d/b/a Tri County Hospital-Williston is a Florida licensed hospital. Cypress Health Systems, LLC _____ is a **Wyoming limited liability company**

2.    HIPAA prohibits the disclosure or use of any person's Protected Health Information ("PHI") in litigation or other proceeding unless satisfactory safeguards are in place to limit the use and disclosure of the PHI. *See*, 45 C.F.R. §164.512(e).

3.    45 C.F.R. §164.512(e)(I)(ii)(B) provides that HIPAA's privacy standards are satisfied by, *inter alia*, issuing a subpoena accompanied by a HIPAA "Qualified Protective Order". HIPAA further provides in 45 C.F.R. §164.512(e)(l)(v) that such Order must:

3064539.1

    a. prohibit the parties from using or disclosing the PHI for any purpose other than the subject litigation; and

    b. require that the PHI (including all copies made) be destroyed, or returned to provider from whom the PHI was obtained, at the conclusion of the litigation.

4. In accordance with and as defined by the regulations promulgated under HIPAA, specifically 45 C.F.R. section 164.512(e)(1)(ii)(B) and (v), the Court hereby enters a HIPAA Qualified Protective Order ("QPO"). Pursuant to this QPO, all parties to this lawsuit are:

    a. prohibited from using or disclosing protected heath information (PHI) for any purpose other than the litigation of the above-styled lawsuit; and

    b. required to destroy all copies of the PHI or to return them to the disclosing entity at the conclusion of the above-styled lawsuit.

5. For purposes of this QPO, "conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a party or a party's counsel. "Litigation" is understood to include all appellate proceedings or the expiration of time to commence such appellate proceedings without appeal.

6. Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, and without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, or designees of each party or each party's legal counsel in this case, and all duly noticed persons, are expressly and specifically **AUTHORIZED** and **ORDERED** to:

    a. respond to valid Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled matter seeking PHI;

    b. respond to valid Requests for Production served pursuant to the Federal Rules of Civil Procedure in the above-styled matter seeking PHI;

2

  c. respond to valid and timely Requests for Copies of documents containing PHI produced by third-parties in the above-styled matter; and

  d. respond to each of a party's own experts who request, either orally or in writing, PHI for the purposes of reviewing the above-styled matter in whole or in part, regardless of whether the expert is a consulting or trial expert or is considered retained for compensation or not retained,

7. Additionally, pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above-styled litigation, including but not limited to a party, a fact witness, a records custodian, an expert, or a healthcare provider of any type, is expressly and specifically **AUTHORIZED** and **ORDERED** to use or to disclose to the attorneys, agents, employees, and designees of each party or each party's legal counsel in this case the PHI of a party that is responsive to deposition questions or a valid subpoena duces tecum at such duly-noticed deposition in the above-styled litigation.

8. Additionally, pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly **AUTHORIZED** and **ORDERED** to use and disclose the PHI of a party in any form at such judicial proceeding.

9. Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered

3

3064539.1

above to use or disclose PHI is expressly and specifically **AUTHORIZED** and **ORDERED** to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of paragraph 4 of the QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

      10. Except for business associate agreements (as defined by HIPAA) entered into by a party or a party's legal counsel for purposes of satisfying the requirements of paragraph 9 above, the uses and disclosures of PHI authorized under this QPO are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to the QPO shall be deemed to require the execution of a business associate agreement (as defined by HIPAA). The intent of the QPO is that such business associate agreements, including any requirement for such agreements under the HIPAA regulations, should be construed as inapplicable to uses and disclosures under this QPO and as limited only to uses and disclosures of PHI outside of the QPO.

      11. Unless a motion for enforcement of the QPO has been filed in this case and remains pending at the time, the Order to Disclose shall expire upon the conclusion of the litigation as defined in paragraph 5 above.

12.     Nothing in the QPO shall permit the counsel for any party, other than the party representing the patient, to engage in ex parte communications with the healthcare provider, except for those communications necessary for compliance with any subpoena duces tecum.

13.     This QPO is self-executing and effective upon entry.

14.     A copy of this QPO and shall be valid as an original.

**DONE and ORDERED** this **28** day of March, 2011

_____
United States ~~District~~ Judge
Magistrate